UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CRAIG D. WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:11-CV-1985-FRB |
| ) | |
| ALAN EARLS, ) | |
| ) | |
| Respondent. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Craig D. Williams for leave to commence this action without payment of the required filing fee [Doc. #2]. Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee.

**The Petition**

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner states that following his conviction in the Circuit Court of Audrain County in Mexico, Missouri, he was placed on probation. His probation subsequently was revoked on July 5, 2011. In the instant action, petitioner is challenging the revocation of his probation on the grounds of ineffective assistance of counsel and the violation of his due process rights. Petitioner states that he "is using this petition for a state remedy."

**Discussion**

In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any

currently available and adequate procedure.  The State of Missouri provides habeas corpus relief for prisoners in its custody.  *See* Rev. Mo. Stat. § 532.010 (1994), Missouri Supreme Court Rule 91.01.  As such, it appears that petitioner has available procedures that he must exhaust.

Therefore,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that no order to show cause shall issue at this time as to respondent, because it appears that petitioner did not exhaust available state remedies before invoking federal habeas corpus jurisdiction.

**IT IS FURTHER ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant petition for failure to exhaust available state remedies.  Petitioner's failure to file a show cause response shall result in the denial of the instant habeas corpus petition and the dismissal of this action, without prejudice.

Dated this 7th day of December, 2011

_____
**UNITED STATES DISTRICT JUDGE**